## NEUMANN v. WELKOWITZ.

(Supreme Court, Appellate Term. February 27, 1906.)

1. Brokers—Action for Commission—Evidence.

In an action to recover a broker's commission for obtaining a purchaser for defendant's bond and mortgage, evidence examined, and *held* to warrant a finding for defendant.

2. Appeal—Review—Finding by Court—Conclusiveness.

Where the evidence bearing on a question of fact will warrant a finding either way thereon, a finding by the court on a trial without a jury is conclusive on appeal.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3990.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Morris Neumann against William Welkowitz. From a judgment in favor of defendant, after a trial before the court without a jury, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Samuel Sturtz, for appellant.

Charles Schwick, for respondent.

GIEGERICH, J. The plaintiff by this action sought to recover broker's commissions for obtaining a purchaser for the defendant's bond and mortgage. The plaintiff testified that on November 25, 1905, at the defendant's place of business, he told the latter that he had procured a purchaser, one Karl M. Wallach, and that a meeting at the latter's office was then arranged for the following day, for the purpose of closing the transaction, and that it was also arranged that the plaintiff should call at the defendant's place of business in the morning, and accompany him to the office of one Hugo Cohen, on Avenue A, where the bond and mortgage were. He further testified that he went with the defendant to Mr. Cohen's office, and upon returning from it the defendant told him that he would not sell the securities. The defendant, on the other hand, testified that the plaintiff did not at any time tell him that Mr. Wallach was willing to buy; that he did not meet the plaintiff at Mr. Cohen's office by appointment, nor go there to get the bond and mortgage, but "to make an appointment for a certain date"; that is, "to see if they were there, so that they would be there if the buyer came." He further testified that, on the morning of November 26th, he requested the plaintiff to bring the buyer to him on the following day, and that he failed to do so, and that "after that he did not see him any more." Leopold Schwartz and Nathan Holzman were called as witnesses by the defendant, and gave testimony substantially to the effect that they were present at a conversation between the latter and the plaintiff at the defendant's place of business on the morning of November 26th, during the course of which they heard the defendant tell the plaintiff to bring the purchaser to him, and that Mr. Wallach's name was not mentioned. The justice resolved the conflict of testimony thus raised in favor of the defendant, and the plaintiff insists that such determination was error, because, as he claims, the preponderance of evidence is in his favor. I do not think so. The evidence was of such a character as to warrant a finding either way, and I do not think the judgment should be disturbed.

The judgment is affirmed, with costs. All concur.